*Lukesha Sims v. The Kroger Co.*
*State Court of Jackson County, State of Georgia*
*Civil Action File Number:  22SV124*

*Lukesha Sims v. The Kroger Co.*
*USDC, Northern District, Gainesville Division*
*Civil Action File Number:  TBA (Removal # 2:22-mi-99999)*

# EXHIBIT A:  NOTICE OF REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT THE KROGER CO. IN THE STATE COURT OF JACKSON COUNTY, STATE OF GEORGIA

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of  Jackson  County

☐ EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**

A - ROBERT D. ALEXANDER

APR 18, 2022 04:14 PM

*Camie W. Thomas*
Camie W. Thomas, Clerk
Jackson County, Georgia

| For Clerk Use Only | |
|---|---|
| Date Filed 04-18-2022 | Case Number 22SV124 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Sims, Lukesha

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

The Kroger Co.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Parisi, Jerry          **Bar Number** 881415          **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
    - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
    - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number            Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

# STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  22SV124

Sims, Lukesha

**PLAINTIFF**

VS.

The Kroger Co.

**DEFENDANT**

### SUMMONS

TO: THE KROGER CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jerry Parisi**
**The Parisi Law Firm, LLC**
**44 Professional Drive**
**Jefferson, Georgia 30549**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 18th day of April, 2022.**

Clerk of State Court

Camie W. Thomas, Clerk
Jackson County, Georgia

Page 1 of 1

🖳 EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**
A - ROBERT D. ALEXANDER
APR 18, 2022 04:14 PM

*Camie W. Thomas*
Camie W. Thomas, Clerk
Jackson County, Georgia

## IN THE STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

LUKESHA SIMS,                              )
                                          )
    Plaintiff,                       )
                                          )
v.                                        )      CIVIL ACTION FILE NO.
                                          )
THE KROGER CO.,                           )      _____
                                          )
    Defendant.                       )      **JURY TRIAL DEMANDED**
                                          )

## COMPLAINT

COMES NOW LUKESHA SIMS, Plaintiff, by and through undersigned counsel, and hereby makes this Complaint against Defendant THE KROGER CO. as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff LUKESHA SIMS (hereinafter "Plaintiff") is, and at all times material to this action was, a resident of the State of Georgia.

2. Defendant THE KROGER CO. (hereinafter "Defendant") is a foreign corporation existing under the laws of the State of Georgia with its principal place of business in the State of Ohio and may be served through its registered agent CSC of Cobb County, Inc. located at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

3. Defendant is subject to the jurisdiction and venue of this Court.

4. Venue is proper in this Court under O.C.G.A. § 14-2-510(b)(4) because Plaintiff's cause of action originated in Jackson County.

## BACKGROUND

5. Plaintiff re-alleges and incorporates herein, as if set forth in full, each and every statement contained in the preceding paragraphs

6. On September 5, 2021, Plaintiff was an invitee at the Kroger grocery store located at 1685 Old Pendergrass Road, Jefferson, Georgia 30549 ("the Premises").

7. Plaintiff slipped and fell on water or a watery substance on the floor of the Premises.

8. There were no cones or other warnings in the area of the water or a watery substance at the time of Plaintiff's fall.

9.  Upon information and belief, Defendant had exclusive ownership, possession, and control over the Premises at all times relevant to this litigation.

10. As a result of Plaintiff's fall, she suffered serious personal injuries.

## COUNT 1
## PREMISES LIABILITY

11. Plaintiff re-alleges and incorporates herein, as if set forth in full, each and every statement contained in the preceding paragraphs.

12. Defendant owned, operated, installed, set up, managed, upkept, and/or maintained the Premises on or about September 5, 2021.

13. At the time of the fall on September 5, 2021, Plaintiff was an invitee on the Premises.

14. Defendant had prior actual and/or constructive knowledge of a condition that caused a slip hazard on the floor of the Premises yet allowed the hazard to exist on September 5, 2021.

15. The hazard at issue was water or a watery substance on the floor of the Premises, which created a dangerous condition for invitees, such as Plaintiff.

16. Defendant knew about the dangerous condition before Plaintiff fell but failed to fix the condition or to adequately warn Plaintiff that it was there.

17. Defendant was negligent under O.C.G.A. § 51-3-1 for:

    12.1. active negligence by creating the slip hazard;

    12.2. failing to properly inspect the floor;

    12.3. allowing the slip hazard to remain on the floor;

    12.4. failing to barricade the hazard;

    12.5. failing to warn Plaintiff about the hazard; and/or

    12.6. failing to exercise ordinary care in keeping the premises safe.

18. As a result of the Defendant's conduct, Plaintiff slipped on the hazard on the floor of the Premises and fell.

19. Before she fell, Plaintiff lacked equal knowledge of the hazard despite exercising reasonable care for her own safety.

20. The fall caused by Defendant resulted in serious personal injuries to Plaintiff.

21. Defendant's negligence was the proximate cause of Plaintiff's injuries.

22. Defendant is liable to Plaintiff for Defendant's failure to exercise ordinary care to keep the Premises safe on September 5, 2021.

23. Defendant is liable to Plaintiff for carelessness and negligence in the ownership, operation, occupation, management, and/or maintenance regarding the area of the floor of the Premises on September 5, 2021.

## COUNT 2
## VICARIOUS LIABILITY

24. Plaintiff re-alleges and incorporates herein, as if set forth in full, each and every statement contained in the preceding paragraphs.

25. At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

26. Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency, or apparent agency.

## COUNT 3
## NEGLIGENT TRAINING & SUPERVISION

27. Plaintiff re-alleges and incorporates herein, as if set forth in full, each and every statement contained in the preceding paragraphs.

28. Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the Premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the Premises.

29. Defendant was negligent in training and supervising its employees.

30. As a result of Defendant's negligence in training and supervising its employees, Plaintiff was injured on the Premises.

## DAMAGES

31. Plaintiff re-alleges and incorporates herein, as if set forth in full, each and every statement contained in the preceding paragraphs.

32. As a proximate and foreseeable result of the negligence of Defendant, Plaintiff suffered personal injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, and other damages as will be proven at trial and permitted under Georgia law. Plaintiff is entitled to recover all elements of damages allowed under Georgia law.

33. Defendant is liable for the injuries and damages Plaintiff incurred in the incident described herein, including pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

34. Plaintiff incurred reasonable and necessary medical expenses as a result of Defendant's negligence, the precise amount to be supplemented and subsequently proven at trial.

35. Plaintiff suffered damages, including but not limited to:

    a.   personal injuries;

    b.   past, present, and future pain and suffering;

    c.   disfigurement;

    d.   mental anguish;

    e.   loss of capacity for the enjoyment of life;

    f.   incidental expenses;

    g.   past, present, and future medical expenses in excess of $25,000.00, the exact amount to be proven at trial;

    h.   lost wages; and

    i.   consequential damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that she have a jury trial on all issues and judgment against Defendant as follows

    (a) That Plaintiff recover the full value of all past and future medical expenses and all past and future lost wages in an amount to be proven at trial;

    (b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

    (c) That Plaintiff recover all damages prayed for herein;

    (d) That Plaintiff recover such other further relief as is just and proper;

    (e) That all costs be assessed against Defendant; and

    (f) That all issues be tried before a jury.

Respectfully submitted April 18, 2022.

*[signature line on following page]*

THE PARISI LAW FIRM, LLC


Jerry Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

44 Professional Drive
Jefferson, GA 30549
P: (404) 594-5130
F: (770) 462-9026
E: jerry@parisifirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**

A - ROBERT D. ALEXANDER
APR 18, 2022 04:14 PM

*Camie W. Thomas*

Camie W. Thomas, Clerk
Jackson County, Georgia

## IN THE STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| LUKESHA SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | |
| THE KROGER CO., | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform Superior Court Rule 5.2, I hereby certify that **Plaintiff's First Requests for Admission to Defendant, Plaintiff's First Interrogatories to Defendant, and Plaintiff's First Requests for Production of Documents to Defendant** have been delivered for service with the Summons and Complaint.

Respectfully submitted April 18, 2022.

**THE PARISI LAW FIRM, LLC**

*/s/ Jerry Parisi*
Jerry Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

44 Professional Drive
Jefferson, GA 30549
Phone: 404-594-5130
Fax: 770-462-9026
Email: jerry@parisifirm.com

## IN THE STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

LUKESHA SIMS,                          )
                                       )
    Plaintiff,            )
                                       )
                                       )   CIVIL ACTION FILE NO.
v.                                     )
                                       )
THE KROGER CO.,                        )
                                       )
    Defendant.            )

## CERTIFICATE OF SERVICE

I, JERRY PARISI, do hereby certify that a true and correct copy of the foregoing **Rule 5.2**

**Certificate of Service** has been delivered for service with the Summons and Complaint.

Respectfully submitted April 18, 2022.

                      **THE PARISI LAW FIRM, LLC**

                      */s/ Jerry Parisi*
                      Jerry Parisi
                      Georgia Bar No. 881415
                      *Attorney for Plaintiff*

44 Professional Drive
Jefferson, GA 30549
Phone: 404-594-5130
Fax: 770-462-9026
Email: jerry@parisifirm.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**
A - ROBERT D. ALEXANDER
APR 18, 2022 04:14 PM

*Camie W. Thomas*
Camie W. Thomas, Clerk
Jackson County, Georgia

## IN THE STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

LUKESHA SIMS,                      )
                               )
    Plaintiff,                    )
                               )
                               )   CIVIL ACTION FILE NO.
v.                                 )
                               )   _____
THE KROGER CO.,                    )
                               )
    Defendant.                    )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

Plaintiff serves these Requests for Admission to Defendant pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-36.

## DEFINITIONS

1. "This Court" refers to the Court in the caption/style of this document and in which this action has been filed.

2. "You" refers to the Defendant, THE KROGER CO.

## REQUESTS FOR ADMISSION

1. Admit that you have been correctly named in this case insofar as your legal name is concerned.

2. Admit that you have been properly served with the summons and complaint as required by law.

3. Admit that process is sufficient with regard to you in this case.

4. Admit that service of process is sufficient with regard to you in this case.

5. Admit that this Court has jurisdiction over the subject matter of this case.

6. Admit that this Court has personal jurisdiction over you in this case.

7. Admit that this Court has subject matter jurisdiction in this case.

8. Admit that venue is proper in this Court.

9. Admit that you do not have any defense based on insufficiency of process or insufficiency of service of process.

10. Admit that you own the Kroger grocery store located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549.

11. Admit that you operate the Kroger grocery store located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549.

12. Admit that you own the property located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549.

13. Admit that Plaintiff entered the Kroger grocery store located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549 on September 5, 2021, in order to shop for groceries.

14. Admit that Plaintiff was an invitee of the Kroger grocery store located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549 on September 5, 2021.

15. Admit that you have reported this claim to each insurance company that provided primary care or excess liability coverage to you for the policy period encompassing September 5, 2021.

16. Admit that you have received no reservation of rights letters from any insurer related to coverage for the incident forming the basis of Plaintiff's Complaint.

17. Admit that you have received no denials of coverage from any insurer related to coverage for the Incident forming the basis of Plaintiff's Complaint.

18. Admit that you know of no additional individuals or entities not currently party to this action who may be responsible in whole or in part for the incident described in Plaintiff's complaint.

Submitted on April 18, 2022.

THE PARISI LAW FIRM, LLC

/s/ Jerry Parisi
Jerry Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

44 Professional Drive
Jefferson, GA 30549
P: (404) 594-5130
F: (770) 462-9026
E: jerry@parisifirm.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**
A - ROBERT D. ALEXANDER
APR 18, 2022 04:14 PM

*Camie W. Thomas*
Camie W. Thomas, Clerk
Jackson County, Georgia

## IN THE STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

LUKESHA SIMS,

    Plaintiff,

v.

THE KROGER CO.,

    Defendant.

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.

_____

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

    Plaintiff serves these Interrogatories on Defendant pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

    **To whom directed:** These interrogatories are directed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's agents, employees, investigators, adjusters, attorneys, and insurers. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons. In answering the following interrogatories, Defendant is required to give full and complete information based upon the knowledge, information, and belief of said Defendant and to each of said aforementioned persons.

    **Duty to supplement:** Each Interrogatory is continuing and requires a supplemental response upon the discovery of additional and/or conflicting responsive information or documents in accordance with O.C.G.A. § 9-11-26(e).

    **Specificity of objections:** In accordance with Georgia law, Defendant is required to expressly state the reason for objection, if any, to each specific Interrogatory objected to. Boilerplate or "general" objections will be disregarded. *Tennesco, Inc. v. Berger*, 144 Ga. App. 45 (GA. App. 1977) ("each interrogatory must be either answered or objected to and the reason stated for the objection. A blanket statement referring without explanation to all questions indifferently is not a compliance…")

    **Withheld information:** If you object to an Interrogatory, please state whether you are withholding information pursuant to that objection. Otherwise, it is impossible for Plaintiff (and, if necessary, the Court) to determine whether you are in fact withholding information pursuant to

that objection, so that a determination can be made as to the merits of the objection and the discoverability of the withheld information.

## DEFINITIONS

1. *"Document"* includes, but is not limited to, whether hard copy, electronically stored, or otherwise: emails, correspondence, reports, memoranda, publications, written notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. *"Person"* means any person, organization, or entity of any kind.

3. *"Identify"*

   a. Regarding any <u>person</u>, *"identify"* means to provide that person's first and last name; last known home and employment contact information (phone, address, and email address); last known employer and job title; and a description of the person's role with respect to the Incident in question. If the person is a <u>current</u> employee of yours, then *"identify"* means to provide their name, work location, and current position with you.

   b. Regarding any <u>document</u>, *"identify"* means to provide the name or title (if one exists) of the document, the date the document was created, and the name of the person who created it.

4. *"Plaintiff's Fall"* or *"the Incident"* refers to Plaintiff's Fall on or about September 5, 2021, as described in the Complaint.

5. *"The Premises"* refers to The Kroger Co. grocery store located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549.

6. *"You"* or *"Defendant"* means the Defendant answering these Interrogatories, as well as any and all of Defendant's agents, employees, and representatives.

## INTERROGATORIES

1. State the name and address of any person, including any party, who, to your knowledge, information, or belief:

   a. Was an eyewitness to the incident complained of in this action;

   b. Has knowledge of any fact or circumstance upon which your defense is based;

   c. Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of the Plaintiff.

2. To your knowledge, information, or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3. Please identify any entity or person with any financial interest, lease, or ownership interest in the Premises where the incident occurred, on the date it occurred, and describe the nature of each such interest in the Premises.

4. Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection, or security of the property where the Plaintiff fell as described in the complaint? If so, state:

   a. The identity of the contracting parties;

   b. The address and telephone number of the contracting parties;

   c. The duties each contracting party had with respect to the Premises.

5. To your knowledge, information, or belief, are there or have there ever been any photographs, video, diagrams, or drawings of the scene of the Incident? If so, please identify each such item and give the name and address of the person having custody and control thereof.

6. If You agree that You caused or contributed to Plaintiff's Fall, please describe each act of negligence, comparative negligence, carelessness, or other conduct on your part which caused or contributed to Plaintiff's Fall or her injuries.

7. If you contend that any other person or entity beside You is responsible for Plaintiff's Fall, identify each such person or entity and describe each act of negligence, comparative negligence, carelessness, or other conduct which caused or contributed to Plaintiff's Fall or her injuries.

8. Describe what You believe cause Plaintiff's Fall. If You believe it was caused by some condition on the Premises, explain how the condition came to exist, and how long the condition existed before Plaintiff fell.

9. Please identify each and every witness or employee in the vicinity of the area where the Plaintiff fell at the time of the incident. In regard to each employee, please state:

   a. The name of each person;

   b. The address of each person;

   c. The telephone number of each person;

   d. The shift worked by each person on the date of the incident;

   e. The job duties and responsibilities of each person.

10. If you contend Plaintiff had any knowledge before she fell of the condition she contends caused her Fall, please describe all factual bases for your contention. If you have no such factual basis, please say no.

11. If you contend Plaintiff failed to exercise reasonable care for her own safety in any way before or at the time she fell, please describe all factual bases for your contention. If you have no such factual basis, please say so.

12. Did anyone investigate Plaintiff's Fall? If so, please identify who took part in the investigation; state each such person's role in the investigation; describe the investigation; state the conclusions or results of the person's investigation; and whether any report or other document was created in relation to it. If no investigation was conducted, please identify who decided not to investigate, and why.

13. Did anyone violate any of your policies or procedures in connection with the condition of the floor where Plaintiff fell? If yes, please state the policy or procedure; explain how it was violated; and identify who determined a violation occurred. If no, please identify each person who determined a violation did not occur.

14. Have there been any incidents involving falls at the Premises during the five-year period preceding this incident through the one-year period following this Incident? If so, please state the date of incident; identify the person involved in the incident; and describe the incident (e.g., slipped on water; tripped over a rug, etc.), including the precise location on the Premises where it occurred.

15. Other than by Plaintiff, have there ever been any complaints made about the area of the floor where this Incident occurred? If so, please identify the date each complaint was made; the person making each complaint; the subject and nature of each complaint (e.g., slipped on water; tripped over a rug, etc.); all action taken as a result of each complaint; to whom the complaint was made or reported; and in what format the complaint was made (over the phone; verbally in person; online review; email; text message; inspection report; etc.)

16. Identify each and every person in charge of the Premises on the date of Plaintiff's Fall.

17. Identify each individual with any managerial responsibilities (regardless of who they worked for) who responded to or investigated Plaintiff's Fall.

18. Identify each person working on the Premises with any duties for the area where this incident occurred on the date it occurred.

19. Identify each and every vendor, person, and/or entity providing cleaning services, vending services, stocking services, delivery services, and any other services of any kind on the Premises on September 5, 2021.

20. Describe all warnings you provided to Plaintiff which relate to Plaintiff's Fall and/or to the floor of the Premises.

21. Identify all witnesses who have knowledge of Plaintiff's Fall.

22. Identify every person who communicated with Plaintiff about her fall, and state the format (verbal, email, etc.) and substance of those communications.

23. Identify all persons responsible for inspecting the Premises for fall hazards during the 2 weeks before and the 2 weeks after Plaintiff's Fall.

24. Identify all people who, during the 2 weeks preceding Plaintiff's Fall, worked at the Premises. This request includes full-time employees, part-time employees, vendors, and independent contractors.

25. Identify all people affiliated with You who were present at the Premises in the 6 hours before and the 6 hours after Plaintiff's Fall. This request includes full-time employees, part-time employees, vendors, and independent contractors.

26. Identify each and every complaint, report, or other communication by anyone which relates to a slippery condition of the floor of the Premises in the five years preceding Plaintiff's Fall through the date of your response to these Interrogatories. This specifically includes written or verbal communications, voicemails, text messages, emails, internet reviews, and all other forms of communication.

27. Identify all persons who to your knowledge or belief received notice of Plaintiff's Fall within 7 days after it occurred.

28. Identify all people or entities that cleaned, inspected, modified, or repaired any portion of the area of the floor of the Premises near where Plaintiff fell between August 26, 2021, and September 15, 2021.

29. Identify by specific location all video cameras located at the Premises on the date of Plaintiff's Fall and state whether you preserved or destroyed the video footage from each camera.

30. Identify all persons or entities who were (or are) involved with recording, storing, or preserving video footage from the Premises that was recorded on the date of Plaintiff's Fall.

31. For all inspection policies in place for the Premises as of the date of the Incident, describe each policy, including the frequency of inspections; by whom they were to be conducted; and whether you made and/or kept logs indicating whether and by whom they were conducted.

32. Describe any training provided to employees, vendors, and independent contractors working at the Premises relating to falls, fall prevention, fall hazards, and what to do after a fall occurs. This request encompasses all training, whether provided by you, an outside vendor, or another entity.

33. If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion.

34. Identify all witnesses who have knowledge about Plaintiff's injuries or damages.

35. Do you contend that something other than the September 5, 2021, fall caused Plaintiff's injuries? If yes, please identify all factual bases and evidence supporting that contention.

36. Do you agree to produce copies of Plaintiff's medical records and bills which you obtain from anyone other than Plaintiff?

37. For each person who assisted in any way in responding to Plaintiff's Interrogatories, state their full name, home address, current employer, telephone number, and list each interrogatory to which each person responded.

38. If any documents responsive to Plaintiff's Request for Documents have been destroyed, lost, misplaced, withheld, or provided to a third party such that they were not produced to Plaintiff, describe each such document, the reason it was not produced, and identify who is currently in possession of it.

39. For each document you have withheld on privilege grounds, please state the date the document was generated, identify the person who created the document, the present custodian of the document, and a description of the document.

40. When did you first contemplate litigation related to this Incident?

41. If you contend that some person or entity who is not a party to this action should or must be joined as a party for any reason, identify each such party and state all facts you believe support your contention.

42. Identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. State the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against you.

43. If any insurance company has issued a reservation of rights or a denial of coverage regarding Plaintiff's Fall, identify each reservation or denial by providing the name of the insurance company; the policy number; the date it was issued; and the entity to which it was directed.

Submitted on April 18, 2022.

THE PARISI LAW FIRM, LLC

_/s/ Jerry Parisi_____
Jerry Parisi
Georgia Bar No. 881415
_Attorney for Plaintiff_

44 Professional Drive
Jefferson, GA 30549
P: (404) 594-5130
F: (770) 462-9026
E: jerry@parisifirm.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**
A - ROBERT D. ALEXANDER
APR 18, 2022 04:14 PM

*Camie W. Thomas*
Camie W. Thomas, Clerk
Jackson County, Georgia

## IN THE STATE COURT OF JACKSON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LUKESHA SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | |
| THE KROGER CO., | ) | _____ |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF
### DOCUMENTS TO DEFENDANT

Plaintiff serves these Requests on each Defendant pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-34.

**To whom directed:** These Requests are directed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendants' agents, employees, investigators, adjusters, attorneys, and insurers. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons. In answering the following Requests, Defendant is required to give full and complete information based upon the knowledge, information, and belief of said Defendant and to each of said aforementioned persons.

**Duty to supplement:** Each Request is continuing and requires a supplemental response upon the discovery of additional and/or conflicting responsive information or documents in accordance with O.C.G.A. § 9-11-26(e).

**Specificity of objections:** In accordance with Georgia law, Defendant is required to expressly state the reason for objection, if any, to each specific Request objected to. Boilerplate or "general" objections will be disregarded. *Tennesco, Inc. v. Berger*, 144 Ga. App. 45 (GA. App. 1977) ("each request must be either answered or objected to and the reason stated for the objection. A blanket statement referring without explanation to all questions indifferently is not a compliance...")

**Withheld information:** If you object to a Request, please state whether you are withholding information pursuant to that objection. Otherwise, it is impossible for Plaintiff (and, if necessary, the Court) to determine whether you are in fact withholding information pursuant to

that objection, so that a determination can be made as to the merits of the objection and the discoverability of the withheld information.

## DEFINITIONS

1. "*Document*" includes, but is not limited to, whether hard copy, electronically stored, or otherwise: emails, correspondence, reports, memoranda, publications, written notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any person, organization, or entity of any kind.

3. "*Identify*"

   a. Regarding any person, "*identify*" means to provide that person's first and last name; last known home and employment contact information (phone, address, and email address); last known employer and job title; and a description of the person's role with respect to the Incident in question. If the person is a current employee of yours, then "*identify*" means to provide their name, work location, and current position with you.

   b. Regarding any document, "*identify*" means to provide the name or title (if one exists) of the document, the date the document was created, and the name of the person who created it.

4. "*Plaintiff's Fall*" or "*the Incident*" refers to Plaintiff's Fall on or about September 5, 2021, as described in the Complaint.

5. "*The Premises*" refers to The Kroger Co. grocery store, located at 1685 Old Pendergrass Road, Jefferson, Jackson County, Georgia 30549.

6. "*You*" or "*Defendant*" means the Defendant answering these Requests, as well as any and all of Defendant's agents, employees, and representatives.

## REQUESTS

1. All documents showing each and every ownership interest, lease interest, or other financial interest in the Premises on the date the Incident occurred.

2. All statements or reports made by anyone in connection with the Incident.

3. All documents relating to Plaintiff's Fall or her injuries.

4. All documents relating to any investigation into Plaintiff's background, employment, medical history, or activities. *Note: this Request specifically excludes communications between you and any outside counsel hired to represent you.*

5. All documents which evidence or support any fact or circumstances upon which any of your defenses are base.

6. All contracts or agreements with other individuals or entities regarding the maintenance, inspection, or security of the Premises as of the date of the Incident.

7. All photographs, video, diagrams, or drawings depicting the scene of the Incident.

8. All documents which evidence or support any negligence, comparative negligence, carelessness, or other conduct on your part which caused or contributed to Plaintiff's Fall or injuries.

9. All documents supporting any contention that any other person or entity beside you is responsible for Plaintiff's Fall.

10. All documents related to any time Plaintiff, or any employee identified in response to Plaintiff's Interrogatories, was arrested for any criminal offense.

11. All documents depicting, discussing, or referring to any witness or employee being in the vicinity of the area where Plaintiff fell at the time of the Incident.

12. All documents supporting any contention that Plaintiff had any knowledge before she fell of the condition she contends caused her Fall.

13. All documents supporting any contention Plaintiff failed to exercise reasonable care for her own safety in any way before or at the time she fell.

14. All documents generated by anyone during their investigation into Plaintiff's Fall which relate to, reference, or discuss Plaintiff's Fall.

15. All documents that evidence or discuss any violations of any of your policies or procedures in connection with the condition of the floor where Plaintiff fell, including but not limited to communications, reprimands, reports, inspection reports, audits, or reviews.

16. All materials documenting, discussing, or referring to any incidents involving falls at the Premises during the five-year period preceding this incident through the date of your response to these Requests.

17. All documents consisting of, discussing, or referring to any complaints made about the area of the floor where this Incident occurred, which were generated during the five-year period preceding this incident through the date of your response to these Requests.

18. All documents (including but not limited to shift schedules, managerial schedules, vendor agreements, maintenance schedules, logs, and reports) identifying each and every person *in charge of* the Premises on the date of Plaintiff's Fall.

19. All documents (including but not limited to shift schedules, managerial schedules, vendor agreements, maintenance schedules, logs, and reports) identifying each person *working* on the Premises with any duties for the area where this incident occurred on the date it occurred.

20. All documents (including but not limited to invoices, scope of work documents, and rental or service agreements) relating to each and every vendor, person, and/or entity providing cleaning services, vending services, stocking services, security services, maintenance services, delivery services, and any other services of any kind on the Premises on September 5, 2021.

21. All documents showing or referencing any and all warnings you provided to Plaintiff which relate to Plaintiff's Fall and/or to the floor of the Premises.

22. Any and all statements, interviews, or other documents from all witnesses who witnessed or otherwise have knowledge of Plaintiff's Fall.

23. All documents, notes, memoranda, reports, or other writings prepared by you or your agents in connection with any investigation into the Incident. *Note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; however, evidence obtained or created in the regular course of business is responsive to this request.*

24. All reports, photographs, video, or other documents of any kind which reflect or relate to the Incident or to any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based. *Note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; however, evidence obtained or created in the regular course of business is responsive to this request.*

25. Any and all communications or other documents exchanged between Plaintiff and any person about the Incident.

26. All written or otherwise recorded statements in connection with the Incident. *Note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; however, evidence obtained or created in the regular course of business is responsive to this request.*

27. Each and every complaint, report, or other communication by anyone which relates to liquid or other potential slip hazards on the floor Premises in the five years preceding Plaintiff's Fall through the date of your response to these Requests. This specifically includes written communications, voicemails, text messages, emails, internet reviews, and all other forms of communication.

28. Each and every complaint, report, or other communication by anyone which relates to the condition of any HVAC or air conditioning system on the Premises in the five years preceding Plaintiff's Fall through the date of your response to these Requests. This specifically includes written communications, voicemails, text messages, emails, internet reviews, and all other forms of communication

29. All documents identifying any and all people or entities that cleaned, inspected, modified, or repaired any portion of the area of the floor of the Premises near where Plaintiff fell between August 26, 2021, and September 15, 2021.

30. All documents identifying any and all people or entities that cleaned, inspected, replaced, modified, or repaired any portion of any HVAC or air conditioning system on the Premises between August 26, 2021, through the present. This specifically includes but is not limited to written or electronic communications; estimates; work orders; invoices; scope of work documents; time sheets; and insurance audits.

31. All invoices, plans, maps, layouts, schematics, or other documents that show or depict the locations of surveillance cameras or video cameras on the Premises.

32. All communications among any persons or entities who were (or are) involved with recording, storing, or preserving video footage from the Premises that was recorded on the date of Plaintiff's Fall.

33. To the extent your response to any of Plaintiff's Requests for Admission was anything other than an unqualified "Admitted," please produce any documents that you contend support your decision not to admit.

34. Copies of all evidence in your possession (including documents, medical records, medical bills, photographs, sound or video recordings, or any documentation by any other name) that concerns Plaintiff's physical or medical condition, injuries, or damages.

35. All documents received from or created by any expert who has investigated any issue relevant to the Incident.

36. All documents and things you have provided to any expert whom you designated to testify or expect to testify on your behalf at the trial of this case.

37. All materials relied upon by each expert in formulating their opinions and conclusions.

38. The entire file of all experts, including billing information and all materials relied upon by each expert in formulating their opinions and conclusions.

39. All documents and things identified in your responses to the Interrogatories served upon you in this matter, to the extent they have not been produced in response to any other Request set forth herein.

40. All documents produced to you in response to any requests for documents to any non-parties.

41. All documents produced to you in response to any subpoenas to non-parties.

42. A copy of all letters mailed to third parties (e.g., other than Plaintiff or Defendant) that relate to the Incident.

43. Copies of all photographs, documents, or demonstrative evidence you intend to use at trial.

44. All video recordings, photographs, reports, or other documents relating to surveillance or observation of Plaintiff at any time since the Incident.

45. Every document relating to any agreement between you and any other party to this lawsuit.

46. All video footage from the Premises that shows Plaintiff and/or the area of the floor where she fell.

47. If you fail to produce video documenting Plaintiff's Fall, produce all documents relating to your efforts to preserve all such video.

48. All correspondence between you, your agents, or your insurers, and Plaintiff. *This request does not seek correspondence sent to or received from The Parisi Law Firm, LLC.*

49. The complete policy of each and every policy issued by any insurer (including the policy declarations pages) which may be liable to pay a judgment entered in this case, including

commercial liability policies, self-insured retention policies, excess policies, and umbrella policies.

50. Any and all reservations of right documents or documents relating to any denial of insurance coverage regarding the Incident.

Submitted on April 18, 2022.

THE PARISI LAW FIRM, LLC


/s/ Jerry Parisi
Jerry Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

44 Professional Drive
Jefferson, GA 30549
P: (404) 594-5130
F: (770) 462-9026
E: jerry@parisifirm.com

133597

**SHERIFF'S ENTRY OF SERVICE**

Marietta, Georgia        COBB COUNTY

Superior Court ☐        State Court ☐

⬢ **EFILED IN OFFICE**
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA

**22SV124**
A - ROBERT D. ALEXANDER
MAY 02, 2022 01:29 PM

*Carrie W. Thomas*
Carrie W. Thomas, Clerk
Jackson County, Georgia

Jackson Co.

Attorney's Address

Parisi Law Firm
44 Professional Dr.
Jefferson, Dr. 30549

Civil Action No. 22SV124

Date Filed _____

Name and Address of Party to be Served

The Kroger Co.
c/o CSC of Cobb County
192 Anderson Street Ste. 125
Marietta, GA 30060

Lukesha Sims

_____

_____  Plaintiff

VS.

CSC of Cobb County

_____

_____  Garnishee

_____  Defendant

| | |
|---|---|
| **PERSONAL** ☐ | I have this day served the defendant _____ personally with a copy of the within action and summons. |
| **NOTORIOUS** ☐ | I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant. |
| **CORPORATION** ☑ | Served the defendant The Kroger Co. a corporation by leaving a copy of the within action and summons with Anna Norris CSC in charge of the office and place of doing business of said Corporation in this County. of Cobb County in |
| **TACK & MAIL** ☐ | I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons. |
| **NON EST** ☐ | Diligent search made and defendant _____ not to be found in the jurisdiction of this Court. |

This ___27___ day of ___April___, 20_22_

_Sgt Colson 94019_
DEPUTY

SHERIFF DOCKET _____  PAGE _____

_____
COBB COUNTY, GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

Marietta, Georgia      COBB COUNTY

Superior Court ❏      State Court ❏                    Jackson Co.      KEEP

**Attorney's Address**

Civil Action No. _____

Date Filed _____

_____

**Name and Address of Party to be Served**

_____      Jackson Sim _____

_____

_____                              **Plaintiff**

VS.

_____      _____

_____

_____                              _____

**Garnishee**                              **Defendant**

**PERSONAL** ❏ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ❏ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served the defendant _The Kroger Co._ a corporation by leaving a copy of the within action and summons with _Ama Norris_ _CSC_ in charge of the office and place of doing business of said Corporation in this County. _of Cobb County_

**TACK & MAIL** ❏ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ❏ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _27_ day of _April_ , 20 _22_

_____
**DEPUTY**

SHERIFF DOCKET _____ PAGE _____ _____
**COBB COUNTY, GEORGIA**

WHITE: Clerk      CANARY: Plaintiff Attorney      PINK: Defendant